*998 OPINION.
Trammell:
The Kevenue Act of 1921, in section 214 (a), provides that in computing tlm net income of an individual there shall be allowed as deductions:
(7) Debts ascertained to be worthless and charged off within the taxable year * * *; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.
It seems clear from a consideration of the uncontroverted evidence that the debtor corporation herein was hopelessly insolvent at December 31, 1922, and that the partnership was justified in ascertaining the debt in question to be worthless, at least to the extent of the amounts claimed as deductions.
The respondent has not filed any brief setting forth his position in the premises, and we are not advised of his reasons for disallowing *999 the claimed deductions, except as disclosed by the deficiency letters, in Avhich the following statement appears:
Careful consideration has been given the protest to the agent, dated October 22, 1926, against the adjustment of partnership income resulting from the dis-allowance of $90,000 and $10,000 bad debts for the years 1922 and 1923, respectively.
However, since the corporation is still a going concern and the partnership owns more than one-half of the capital stock of the corporation, the amounts are not deductible losses in 1922 and 1923, and the action of the agent in disallowing the bad debts has been sustained.
When the partnership discovered the insolvent condition of the corporation in 1922, it was faced with the necessity of deciding upon one of two courses of procedure. It might have taken steps to liquidate the corporation at once, in which event there would have been no possibility of reducing the amount of the partnership loss below the aggregate amount of the deductions here claimed. But, on the other hand, the partnership would have been compelled to reimburse the bank and the commission houses on its guarantee, thus materially increasing the amount of its ultimate loss. Or, the partnership might have effected a gradual liquidation of the corporation’s business, using the proceeds from the sale of its assets to discharge its indebtedness to the bank and others, and thus avoid increasing the corporation’s debt to the partnership. The latter course was decided upon, and the liquidation of the corporation was completed in 1926. All the obligations of the corporations were discharged during the period of liquidation, except the debt owing to the partnership. It also clearly appears that the business of the corporation was not continued in the hope or expectation of reducing the indebtedness to the partnership below the amounts charged off its books; and, in fact, no part of the indebtedness existing at December 31, 1922, was ever recovered.
Under the circumstances existing in this case, we think it is immaterial that more than 50 per cent of the outstanding capital stock of the corporation was owned by the partnership, and it is further our opinion that the right of the petitioners to the deductions claimed is not defeated by reason of the fact that the operation. of toé corporation was continued in subsequent years for the purpose of effecting liquidation without further loss to the partnership. Joseph J. Haupt et al., 6 B. T. A. 1297; H. E. Newton et al., 7 B. T. A. 1153. See, also, Hammerschmidt & Franzen Co., 12 B. T. A. 811.
The amounts claimed constitute lawful deductions for the respective taxable years, and the action of the respondent is reversed.

Judgment will he entered wider Bule 60.